**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO SANCHEZ-FUENTES, AKA Armando Sanchez Puentes, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71989 <br><br> Agency No. A090-811-836 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Armando Sanchez-Fuentes, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order of removal.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, and review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Sanchez-Fuentes fails to challenge the agency's dispositive determination that his convictions are aggravated felonies that constitute per se particularly serious crimes that render him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii), (iv) (an aggravated felony with a sentence imposed of at least 5 years shall be considered a particularly serious crime); *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Accordingly, we need not reach Sanchez-Fuentes' challenges to the agency's denial of withholding of removal regarding whether his crimes involved aggravating factors and whether he has demonstrated membership in a protected group or likelihood that he would be persecuted upon return to Mexico. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

Substantial evidence supports the agency's denial of deferral of removal under the Convention Against Torture ("CAT"), because Sanchez-Fuentes failed to

establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Sanchez-Fuentes fails to establish that the agency did not consider all relevant evidence in making its CAT determination. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioners must overcome presumption that agency reviewed all evidence).

**PETITION FOR REVIEW DENIED.**